IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lonte Anthony Sumpter, | ) | C/A No. 0:20-1771-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| City Clerk, *in his individual capacity*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Petitioner Lonte Anthony Sumpter, a self-represented litigant, brings this civil rights action pursuant to 28 U.S.C. § 1915 and § 1915A.[1]  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  By order dated June 8, 2020, the court provided Plaintiff the opportunity to file an amended complaint to correct deficiencies identified by the court that would warrant summary dismissal of the Complaint pursuant to § 1915 and § 1915A.  (ECF No. 8.)  Plaintiff filed an Amended Complaint on July 22, 2020.[2]  (ECF No. 23.)  Having reviewed the Amended Complaint in accordance with applicable law, the court concludes the Amended Complaint still fails to state a viable claim and should be summarily dismissed without prejudice and issuance of service of process.

In his original complaint, Plaintiff indicated that on January 3, 2020 the Georgetown Municipal Court Clerk of Court sent Plaintiff an application for appointment of counsel too late,

---

[1] At the time he filed this case, Petitioner was an inmate in the Georgetown County Detention Center.

[2] Petitioner actually filed two amended complaints, (ECF Nos. 14 & 23), likely because of problems the court had in mailing documents to Petitioner when he was released from jail.  The court has reviewed both amended complaints, which are essentially the same, but is considering the most recently filed amended complaint as the operative pleading.

which prevented him from having a preliminary hearing.  Plaintiff expressly indicated that he

brings this action pursuant to 42 U.S.C. § 1983, but he did not indicate what form of relief he

seeks.

In its June 8 order, the court explained to Plaintiff that the original complaint was subject

to summary dismissal pursuant to § 1915 and § 1915A for failure to state a claim upon which relief

can be granted because Plaintiff failed to identify a statutory or constitutional right that he felt was

violated by the defendant or indicate what relief he sought in the matter.  (ECF No. 8 at 3.)

In the Amended Complaint, Plaintiff makes the exact same allegations, except that Plaintiff

now asserts that the relief he seeks is "lost wages, pain and suffering, [and] stress."  (Am. Compl.,

ECF No. 23 at 6.)  Otherwise, Plaintiff provides no new or different allegations or facts in the

Amended Complaint.

The court finds that despite having availed himself of the opportunity to cure the

deficiencies previously identified by the court, Plaintiff's Amended Complaint should nonetheless

be summarily dismissed.  As explained in the court's June 8 order, Plaintiff fails to state a claim

upon which relief can be granted because he fails to identify a statutory or constitutional right that

he felt was violated by the defendant, even if he now indicates that he seeks damages from the

defendant.[3]  Plaintiff did not cure that defect in the Amended Complaint.  Accordingly, the court

recommends that this action be summarily dismissed without prejudice and without issuance and

---

[3] The court notes that the Amended Complaint also clarifies that he seeks damages against
the Clerk in his "individual capacity," but Plaintiff fails to name an actual individual in the
Amended Complaint.

service of process. [4]  See Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1726 (2020) (holding that an

*in forma pauperis* action that fails to state a claim upon which relief can be granted may be

dismissed without prejudice but still qualify as a "strike" under the Prison Litigation Reform Act,

28 U.S.C. § 1915(g)); see also Bing v. Brivo Sys., LLC, 959 F.3d 605, 611 (4th Cir. 2020)

(explaining that where defects in a pleading have not been remedied but could be, the court may

choose to dismiss the "entire action" without prejudice) (citing Chao v. Rivendell Woods, Inc.,

415 F.3d 342, 345 (4th Cir. 2005)).

 

July 30, 2020                                        Paige J. Gossett
Columbia, South Carolina            UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

---

[4] The Clerk of Court is directed to terminate Plaintiff's second motion to proceed *in forma pauperis* because it is duplicative of the previous motion that was granted by the court.  (ECF No. 24.)

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).